UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RICKY PRIDGEON,                     :
                                    :   Civil Action No. 09-0964 (FLW)
           Petitioner,              :
                                    :
     v.                             :   **MEMORANDUM OPINION**
                                    :
SHELLY LOGAN, et al.                :
                                    :
           Respondents.             :
_____ :

**APPEARANCES:**

Plaintiff pro se
Ricky Pridgeon
Monmouth County Correctional Institution
1 Waterworks Road
Freehold, NJ 07728

**WOLFSON,** District Judge

 This matter has come before the Court on the application of petitioner Ricky Pridgeon, a pre-trial detainee confined at Monmouth County Correctional Institution in Freehold, New Jersey, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking pre-trial release or the dismissal of the state charges pending against him.

DISCUSSION

 This Court previously entered an Order [6] to Show Cause why the Petition should not be dismissed without prejudice, for failure to exhaust state remedies or to establish "extraordinary circumstances" justifying federal pre-trial habeas relief.

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

Petitioner has responded filing several hundred pages detailing the circumstances of his state criminal proceedings. It is apparent from Petitioner's submissions in response to the Order to Show Cause that Petitioner was indicted by a grand jury, and was arraigned on July 7, 2008. He was later arraigned on October 31, 2008, with respect to a superseding indictment. Petitioner is represented by appointed counsel who has filed various motions on Petitioner's behalf, including motions for reduction of bail and for dismissal of certain charges, with supporting memoranda of law, as recently as March 24, 2009. Petitioner's bail has been reduced from $250,000 to $150,000. Petitioner's counsel has communicated with him regarding plea negotiations, trial strategy, and potential sentencing if

Petitioner is found guilty.  Petitioner has filed at least one interlocutory appeal that was pending, as of April 29, 2009, in the Superior Court of New Jersey, Appellate Division.

These circumstances confirm that Petitioner has failed to exhaust his state remedies with respect to his claims herein and that no "extraordinary circumstances" exist that would justify pre-trial federal habeas relief at this time.  This Court makes no finding as to the merits of Petitioner's constitutional claims asserted herein.

In addition, Petitioner has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Therefore, for the reasons expressed herein and in this Court's prior Order [6] to Show Cause, the Petition will be dismissed without prejudice.  An appropriate order follows.

 s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: June 1, 2009

3